ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **BOBBY JOHN SISCOE**<br><br>Apelado<br><br>v.<br><br>**EMILY DÍAZ BERRÍOS**<br><br>Apelante | TA2026AP00472 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.: **BY2026RF00008**<br><br>Sobre: Convalidación de Sentencia (Exequatur) |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 10 de junio de 2026.

Comparece ante nos la señora Emily Díaz Berríos (Sra. Díaz Berríos o apelante) mediante un escrito de *Apelación,* presentado el 8 de mayo de 2026. Nos solicita que revoquemos la *Sentencia* emitida el 5 de mayo de 2026, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el referido dictamen, el foro primario validó la determinación judicial "*Final Order In Suit To Modify Parent Child Relationship*", emitida el 18 de abril de 2023, por el *District Court - County Court of Law Judicial District of Jim Wells County* del Estado de Texas, Estados Unidos de América, en el caso número "22-0361760-CV" (en adelante, Tribunal de Texas).[1]

La parte peticionaria también radicó ante nos una *Moción en Solicitud de Auxilio de Jurisdicción.*

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 1, Exhibit I.

Examinada la *Moción en Solicitud de Auxilio de Jurisdicción*, este Tribunal emitió una *Resolución* en la cual ordenamos la paralización inmediata de los efectos de la *Sentencia* notificada el 6 de mayo de 2026.[2]

Por los fundamentos que expondremos a continuación, resolvemos confirmar la *Sentencia* recurrida.

**I.**

El caso de marras tuvo su génesis el 8 de enero de 2026, cuando el señor Bobby John Siscoe (Sr. Siscoe o apelado) presentó una *Petición de Convalidación de Sentencia-Exequátur Civil & Habeas Corpus*.[3] Mediante dicho recurso, arguyó que, el 12 de abril de 2023, el Tribunal de Texas emitió un *"Final Order In Suit To Modify Parent Child Relationship"*, en el caso número 22-03-61760-CV, en la que se modificó y otorgó la custodia monoparental al Sr. Siscoe. Además, el Tribunal de Texas ordenó la devolución de la menor Tatiana A. Siscoe Díaz, al estado de Texas. Del mismo modo, detalló una serie de instancias en las que la apelante intentó atacar la validez de la *Sentencia* emitida por el Tribunal de Texas. Agregó que el 18 de agosto de 2025, el Tribunal de Texas denegó la solicitud de revisión presentada por la Sra. Díaz Berríos.[4] Posteriormente, el 10 de noviembre de 2025, el referido foro también denegó la solicitud de nuevo juicio.[5] Por todo lo cual, solicitó la convalidación de la *Sentencia* y la entrega inmediata de la menor.

Por su parte, el 24 de febrero de 2026, la Sra. Díaz Berríos presentó su *Contestación a la "Petición (...)"*, en la cual informó que, al momento, existía un pleito pendiente en el Tribunal de Texas para auscultar la jurisdicción de dicho Estado.[6]

---

[2] SUMAC TA, Entrada Núm. 4.
[3] SUMAC TPI, Entrada Núm. 1.
[4] *Íd.*, Entrada Núm. 1, Exhibit XVII.
[5] *Íd.*, Entrada Núm. 1, Exhibit XIX.
[6] *Íd.*, Entrada Núm. 20. Véase, también, SUMAC TPI, Entrada Núm. 26, en la que se acreditó la existencia del pleito sobre sentencia declaratoria radicado en Texas. Además, en dicho escrito se solicitó la paralización de los procedimientos ante el

Tras varias incidencias procesales, la vista final de convalidación de sentencia se llevó a cabo el 5 de mayo de 2026. Consecuentemente, el TPI emitió la *Sentencia* el 5 de mayo de 2026, notificada al siguiente día, en la cual declaró Ha Lugar el petitorio del apelado. Así las cosas, otorgó entera fe y crédito a la determinación del Tribunal de Texas. Concluyó que la *Sentencia* emitida por el Tribunal de Texas cumplió con los requisitos establecidos en la Regla 55 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 55. En consecuencia, le ordenó a la Sra. Díaz Berríos la entrega de la menor, al Sr. Siscoe, a más tardar el viernes, 8 de mayo de 2026, a las 9:00 a.m. Del mismo modo, ordenó el traslado de la menor con el apelado al estado de Texas.

Inconforme, el 8 de mayo de 2026, la Sra. Díaz Berríos presentó el recurso que nos ocupa, por el cual atribuyó al TPI la comisión del siguiente error:[7]

> **Erró el Tribunal de Primera Instancia al no permitir un contrainterrogatorio dirigido a impugnar el testimonio del demandado y a probar que la sentencia que se pretende validar en Puerto Rico fue obtenida mediante fraude, violando así el Debido Proceso de Ley de la demandada.**

Junto con su recurso, interpuso una *Moción en "Auxilio de Jurisdicción" Solicitando Paralización (Provisionalmente) de Orden de Traslado de Menor Fuera de la Jurisdicción de Puerto Rico.*[8]

En esta misma fecha, el Sr. Siscoe presentó su *Alegato de la Parte Apelada en Enérgica Oposición al Recurso de Apelación.*[9]

Consecuentemente, el 8 de mayo de 2026, este Tribunal emitió una *Resolución* en la que se paralizaron los efectos de la *Sentencia* notificada el 6 de mayo de 2026.[10] Se apercibió que, mientras se encuentra en efecto la paralización de los

---

foro primario hasta que se dilucide el asunto jurisdiccional en el Tribunal de Texas.
[7] SUMAC TA, Entrada Núm. 1.
[8] *Íd.*, Entrada Núm. 2.
[9] *Íd.*, Entrada Núm. 3.
[10] *Íd.*, Entrada Núm. 4.

procedimientos, no se autoriza el traslado de la menor fuera de nuestra jurisdicción.

Posteriormente, el 20 de mayo de 2026, dictamos una *Resolución* en la que solicitamos, *motu proprio*, la regrabación de los procedimientos celebrados el 5 de mayo de 2026, a través de la Secretaría del Tribunal de Primera Instancia.[11]

Así las cosas, el 9 de junio de 2026, el Sr. Siscoe presentó una *Moción Informativa*, en la cual indicó la notificación del Tribunal de Texas sobre un recurso instado por la Apelante.[12]

Con el beneficio de la comparecencia de ambas partes y del expediente ante nos, procedemos a disponer del presente recurso, no sin antes delimitar la normativa jurídica aplicable.

## II.

## A.

Es norma conocida que las sentencias y órdenes emitidas por los tribunales de un estado de la Unión o de un país extranjero no operan *ex proprio vigore*. *Colón Vega v. Díaz Lebrón*, 211 DPR 548, 557 (2023); véase, además, *Rodríguez Contreras v. ELA*, 183 DPR 505, 516 (2011). Para ejecutarlas corresponde que nuestros tribunales locales les otorguen validez y las reconozcan por medio del procedimiento de *exequátur*. Regla 55.1 de Procedimiento Civil, *supra*, R. 55.1; véase, además, *Colón Vega v. Díaz Lebrón, supra*, pág. 557; *Gulf Pretroleum v. Camioneros*, 199 DPR 962, 966 (2018). Cuando se trata de sentencias dictadas por los tribunales estatales de Estados Unidos basta con cumplir con las disposiciones de la cláusula de entera fe y crédito, a tenor con la Art. IV, Sec. 1, Const. EE. UU., LPRA, Tomo 1. *Colón Vega v. Díaz Lebrón, supra*, pág. 558; *Gulf Pretroleum v. Camioneros, supra*, pág. 968; *Rodríguez Contreras v. ELA, supra*, pág. 516. Asimismo, conforme a la Regla 55.5 de

---

[11] *Íd.*, Entrada Núm. 5.
[12] *Íd.*, Entrada Núm. 7.

Procedimiento Civil, *supra,* R. 55.5, luego de resolver planteamientos procesales pertinentes, atañe al tribunal comprobar que un foro con jurisdicción dictó la sentencia, por medio de un debido proceso de ley, y que no medió fraude. Si estos requisitos se cumplen, nuestros tribunales tendrán que concederles entera fe y crédito a aquellas sentencias dictadas por los tribunales estatales de Estados Unidos "independientemente de lo que sean la política pública y las disposiciones legales de Puerto Rico sobre la materia o asunto de que se trate". *Colón Vega v. Díaz Lebrón, supra*, pág. 558. Por lo tanto, tan pronto se cumpla con los requisitos anteriores, los tribunales locales estarán vedados de cuestionar sustantivamente las sentencias que se originan de un estado, territorio o posesión de los Estados Unidos. *Íd.*, pág. 558; *Rodríguez Contreras v. ELA, supra,* págs. 520-521. En esa misma línea, "el ámbito de revisión del tribunal local no da cabida a que las partes relitiguen en sus méritos una controversia que ya fue adjudicada por otro tribunal". *Íd.*, págs. 558-559. Asimismo, la parte promovida no derrota una petición bajo el procedimiento de *exequátur* descansando solamente en aseveraciones generales sin presentar prueba. *Mench v. Mangual,* 161 DPR 851, 862 (2004).

Conforme al primer requisito, la convalidación de una sentencia requiere que el tribunal emisor haya poseído jurisdicción. *Colón Vega v. Díaz Lebrón, supra*, pág. 559. Nuestro máximo foro ha definido la jurisdicción como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco et al.*, 211 DPR 135 (2023); véase, además, *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Para adjudicar un caso ante sí, los tribunales deben ostentar jurisdicción sobre la materia y sobre la persona. *MCS Advantage, Inc. v. Fossas Blanco et*

*al.*, *supra*, pág. 600; véase, además, *Shell v. Srio. De Hacienda*, 187 DPR 109, 122 (2012). Es por ello que los asuntos relacionados a la jurisdicción son privilegiados y se deben atender primero. *Allied Mgmt. Group. v. Oriental Bank, supra*, pág. 386. Lo anterior ya que una sentencia dictada sin jurisdicción es nula en derecho, y, por ello, inexistente. *Íd*; *Pérez Rodríguez v. López Rodríguez*, 210 DPR 163, 178 (2022). Por lo tanto, cuando un tribunal determina que no ostenta jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo. *Allied Mgmt. Group. v. Oriental Bank, supra*, págs. 386-387.

Por otra parte, la segunda exigencia de un pleito de *exequátur* es el cumplimiento con el debido proceso de ley. Es harto conocido que, este derecho está garantizado por el Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1; la Emda. V, Const. EE. UU., LPRA, Tomo 1; y la Emda. XIV, Const. EE. UU., LPRA, Tomo 1. A tenor con ello, existen dos acepciones de la doctrina sobre debido proceso de ley; a saber, la sustantiva y la procesal. *PVH Motor v. ASG*, 209 DPR 122, 130 (2022); *Fuentes Bonilla v. ELA*, 200 DPR 364, 394 (2018). La vertiente sustantiva "busca proteger y salvaguardar los derechos fundamentales de las personas". *PVH Motor v. ASG., supra*, pág. 130. Por otro lado, el debido proceso de ley procesal "obliga al Estado a garantizar que la interferencia en los intereses de libertad y propiedad del individuo se haga mediante un proceso justo e imparcial". *Íd*. Así, la notificación adecuada permite que la parte involucrada tenga la oportunidad de escoger si ejerce o no los remedios permitidos en ley. *Colón Vega v. Díaz Lebrón, supra*, pág. 559.

Por último, el tercer requisito de una reclamación sobre *exequátur* requiere que la sentencia no se haya obtenido por medio de fraude. A esos efectos, la Regla 7.2 de Procedimiento Civil, *supra*, R. 7.2, exige que toda aseveración de fraude debe detallar las circunstancias que lo constituyen. Asimismo, es necesario probar el

fraude con certeza razonable con preponderancia de la evidencia. *Colón Vega v. Díaz Lebrón, supra*, pág. 561.

**B.**

El *Parental Kidnapping Prevention Act* (PKPA) sostiene que los tribunales de los estados están obligados a tomar entera fe y crédito a los dictámenes de custodia emitidos por otros tribunales de los estados. 28 USCA sec. 1738A (a). Sus disposiciones permiten facilitar la ejecución de los decretos judiciales sobre custodia y prevenir la competencia y el conflicto interjurisdiccional. *Cancel Rivera v. González Ruiz*, 200 DPR 319, 330 (2018). Para analizar la validez de la determinación judicial, se evalúa la residencia del menor.

El estatuto provee un orden preferencial para determinar la jurisdicción del foro adecuado para atender la controversia, a saber:

> (i) jurisdicción del estado de residencia del menor; (ii) jurisdicción por contactos significativos con el foro; (iii) jurisdicción para situaciones en las que el menor fue abandonado o se encuentra en estado de emergencia; (iv) jurisdicción cuando no existe otro estado con jurisdicción o ha declinado ejercerla, o (v) jurisdicción continua. *Cancel Rivera v. González Ruiz, supra.*

A esos efectos, el estatuto consigna que el estado de residencia del menor: (1) es aquel en el que reside en la fecha de los procedimientos o (2) ha sido el estado de residencia por seis meses consecutivos, antes de la fecha en que comenzaron los procedimientos de custodia y que el menor se encuentra fuera del estado porque ha sido trasladado o retenido por una de las partes o por otras razones, y una de las partes aún reside en el estado que emitió el decreto. 28 USCA 1738A (c). Véase también, *Colón Vega v. Díaz Lebrón, supra.* Así las cosas, si el dictamen original de custodia se emitió conforme a lo enmarcado en el PKPA, los tribunales de otro estado no podrán modificar el referido dictamen. *Collazo Dragoni v. Noceda González*, 198 DPR 476, 491 (2017).

**III.**

En el presente recurso, la Sra. Díaz Berríos señala que erró el foro de primera instancia al convalidar la determinación emitida por el Tribunal de Texas. En específico, aduce que ejecutar este dictamen sin permitirle presentar prueba a su favor incide en el debido proceso de ley. Además, argumenta que el apelado mintió ante el Tribunal de Texas para validar la jurisdicción de dicho estado. Por lo cual insiste en que dicha determinación se obtuvo mediante fraude al tribunal.

Por su parte, el Sr. Siscoe sostiene que la apelante utiliza la alegación de fraude como un subterfugio para continuar su incumplimiento con las órdenes del Tribunal de Texas. Además, destacó, que su alegación busca relitigar el caso, lo cual se debió realizar en los procedimientos dilucidados en tal estado. Indicó que la Sra. Díaz Berríos ha intentado, en al menos dos ocasiones, que el foro de Texas evalúe la determinación emitida. En ambas, su solicitud ha sido denegada. Por tanto, corresponde que se convalide la sentencia emitida.

Nuestro ordenamiento jurídico exige que las órdenes y sentencias extranjeras se validen mediante el procedimiento de exequátur. 32 LPRA Ap. V, R. 55.1. Luego de analizar los procedimientos de índole procesal, se deberá auscultar si la sentencia de otra jurisdicción cumple con lo siguiente: "(1) Que se haya dictado por un tribunal con jurisdicción sobre la persona y el asunto que sea objeto de la misma; (2) que el tribunal que la emitió haya observado el debido proceso de ley, y (3) que no haya sido obtenida mediante fraude". *Íd.* R. 55.5. Así las cosas, si se cumplen con los requisitos del exequátur, el tribunal local está impedido de cuestionar sustantivamente las sentencias. *Rodríguez Contreras v. ELA, supra.* Incluso, al dar cumplimiento a estas exigencias, nuestros tribunales tendrán que concederles entera fe y crédito a

aquellas sentencias dictadas por los tribunales estatales de Estados Unidos "independientemente de lo que sean la política pública y las disposiciones legales de Puerto Rico sobre la materia o asunto de que se trate". *Colón Vega v. Díaz Lebrón, supra,* pág. 558.

En lo pertinente a nuestra controversia, nuestro Tribunal Supremo resolvió que "[l]a Regla 55.5 de Procedimiento Civil, infra, no da cabida a que se alegue fraude como subterfugio para revisar las decisiones de otro foro o traer evidencia que debió presentarse en el procedimiento original". *Íd.* Además, precisó que, "el fraude que impide la convalidación es solo aquel que vicia la sentencia de tal modo que rebasa los preceptos de entera fe y crédito". *Íd.*

Por todo lo cual, forzoso es concluir que el foro primario no erró al convalidar el "*Final Order In Suit To Modify Parent Child Relationship*", emitida el 18 de abril de 2023, por el *District Court - County Court of Law Judicial District of Jim Wells County* del Estado de Texas. Analizado el expediente ante nuestra consideración, debemos precisar que la determinación emitida cumple con los requisitos y exigencias de la Regla 55.5, *supra.*

Primeramente, concluimos que el estado de Texas mantuvo su jurisdicción sobre las partes. A saber, la petición de reapertura fue radicada en enero de 2023. Es decir, el Estado de Texas mantuvo su jurisdicción al ser el lugar de residencia seis meses antes de la fecha en que comenzaron los procedimientos. Por lo cual, encontramos que la determinación de jurisdicción se hizo conforme a los parámetros del PKPA.

El siguiente requisito nos obliga a analizar si se observó el debido proceso de ley. Tal y como fuera aceptado por la apelante, se indicó que se expidió una citación para acudir a los procedimientos instados por el Sr. Siscoe. Además, cabe destacar que la Sra. Díaz Berríos ha intentado que el Tribunal de Texas reevalúe su caso en dos ocasiones. Surge del expediente ante nuestra consideración que

el 14 de diciembre de 2024, la apelante presentó una "*Petittion for Bill of Review*". El 18 de agosto de 2026, el Tribunal de Texas denegó su solicitud. Posteriormente, el 16 de septiembre de 2025, la apelante presentó "*Motion for New Trial*", la cual igualmente fue denegada el 10 de noviembre de 2025. Por lo cual, debemos determinar que la parte tuvo la oportunidad de ser escuchada por el foro que emitió la determinación que aquí debemos convalidar.

Sobre el último requisito, la Sra. Díaz Berríos alegó que medió fraude en la decisión, toda vez que el Sr. Siscoe le proveyó al Tribunal de Texas una declaración jurada fraudulenta con el fin de justificar la jurisdicción sobre la menor. En su recurso, la apelante señaló que el Sr. Siscoe mintió al mencionar que su traslado a Puerto Rico se debió a un huracán que ocurrió un mes más tarde. Precisamente, la apelante sostuvo que, al limitar su contrainterrogatorio, se le privó de mostrar evidencia dirigida a establecer el fraude. Del expediente ante nuestra consideración no se desprende la existencia de fraude conforme fuera discutido por nuestro Tribunal Supremo. Recordemos que, el fraude que impide la convalidación es solo aquel que vicia la sentencia de tal modo que rebasa los preceptos de entera fe y crédito. A tenor, concluimos que se cumplió con el tercer requisito esbozado en la Regla 55.5 de Procedimiento Civil, *supra.*

En vista de lo anterior, confirmamos la determinación apelada y exhortamos al foro primario a establecer los procesos y parámetros necesarios para lograr que la transición de la custodia se realice con atención al mejor bienestar de la menor.

**IV.**

Por los fundamentos que anteceden, se confirma la *Sentencia* apelada y, en consecuencia, se deja sin efecto la paralización emitida el 8 de mayo de 2026.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones